UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHANE M. BABIN                                    CIVIL ACTION

VERSUS                                            NUMBER 09-408-RET-SCR

CHAD M. ISAMAN, ET AL.

**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, September 16, 2009.

                                            *[signature]*
                                            STEPHEN C. RIEDLINGER
                                            UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHANE M. BABIN

VERSUS

CHAD M. ISAMAN, ET AL.

CIVIL ACTION

NUMBER 09-408-RET-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the Plaintiffs' Motion to Remand. Record document number 5. The motion is opposed.[1]

Plaintiff Shane M. Babin, individually and on behalf of his minor children, Shane Babin, II, Mia Riley Babin, Sadie Claire Babin and Glaicha Nichols, filed suit in state court alleging that he sustained injuries in an automobile accident caused by Chad M. Isaman, who was driving while in the course and scope of his employment.[2] Specifically, the plaintiff alleged that on February 20, 2009 Isaman negligently proceeded through an intersection and violently rear-ended and collided with the plaintiff's vehicle causing injuries to his neck, back and body.

Plaintiff sought damages against Isaman, his employer Eric Neal, L.L.C., and their liability insurance carrier, Nationwide Mutual Insurance Company. Plaintiff also named as a defendant his

---

[1] Record document number 8.

[2] The claims of the plaintiff's minor children are for loss of consortium. Hereafter, "plaintiff" refers to plaintiff Shane Babin.

uninsured/underinsured motorist insurer, Progressive Security Insurance Company, and asserted that any damages in excess of the $1,000,000 coverage limit of Nationwide policy would be covered by the Progressive policy.

Nationwide removed the case to this court asserting subject matter jurisdiction under 28 U.S.C. § 1332, specifically alleging that the Louisiana citizenship of defendant Progressive[3] should be ignored because it was improperly joined.[4] Nationwide argued that the $1,000,000 coverage of its policy exceeds the amount of the plaintiff's claim. Thus, the plaintiff does not have a viable claim against Progressive.

Plaintiff moved to remand arguing that Progressive was not improperly joined and Nationwide cannot show there is no possibility of establishing a cause of action against Progressive. Specifically, the plaintiff argued that considering the severity of the injuries to his neck and back, his lost wage claim and claim

---

[3] Record document number 5, exhibit A.

[4] Nationwide alleged citizenship as follows: the plaintiff and his children are citizens of Louisiana; Nationwide Mutual Insurance Company is a foreign insurance company with its principal place of business and incorporation in Ohio; Chad M. Isaman, is a citizen of New York; Eric Neal, L.L.C. is a Colorado L.L.C. with its principal place of business in Colorado whose members, Eric and Theresa Neal, are both citizens of Colorado; and Nesco, L.L.C. is foreign limited liability company domiciled in Indiana whose members are Nesco Holdings, Inc., which is incorporated and has its principal place of business in Indiana, and Nesco Investments, L.L.C., whose sole member is Rob Troxel, a citizen of Indiana. Record document number 1, Notice of Removal, ¶¶ 3 - 7.

2

for lost earning capacity, there is a clear possibility that the damages exceed the amount of the Nationwide policy's coverage. Plaintiff also argued that the Notice of Removal is procedurally defective because defendant Nationwide failed to obtain consent to the removal from the other defendants who were properly served with the state court petition prior to removal under the Louisiana Long-Arm Statute, LSA-R.S. 13:3201, et seq.  Plaintiff also sought an award of attorney's fees and costs.

Nationwide argued that at the time the case was removed, the evidence and allegations submitted by the plaintiff did not indicate the possibility of damages in excess of $1,000,000. Nationwide also argued that since affidavits of long arm service under LSA-R.S. 13:3205 were not filed in the record when the case was removed, no evidence of the service existed at the time of removal.  Thus, Nationwide was not required to obtain consent from these parties, and its Notice of Removal was not procedurally deficient.

## Applicable Law

The party seeking removal based on improper joinder of an in-state party bears a heavy burden of proving that the joinder was improper.  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002).  The statutory basis for the doctrine of improper joinder is found in 28 U.S.C. §§ 1441 and

3

1359.  *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004), *cert. denied*, 544 U.S. 992, 125 S.Ct. 1825 (2005).  Since the purpose of the inquiry is to determine whether the in-state defendant was properly joined, the focus must be on the joinder, not the merits of the plaintiff's case.  *Id*.

There are two recognized ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.  *Id*., *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003).  In the latter situation the test for improper joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant.  Stated another way, there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.  *Smallwood*, 385 F.3d at 573; *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005).  The court may decide the question of whether the plaintiff has a reasonable basis of recovery under state law either by employing a Rule 12(b)(6), Fed.R.Civ.P., analysis, or by piercing the pleadings and conducting a summary judgment inquiry.  *Id*.  In resolving questions of improper joinder, all disputed questions of fact and ambiguities in the controlling state law are resolved in favor of the non-removing party.  *Carriere v. Sears, Roebuck and Co.* 893 F.2d 98, 100 (5th Cir.), *cert. denied*, 498 U.S. 817, 111

S.Ct. 60 (1990).

With respect to the procedural issue in this case, the rule of unanimity requires that "all defendants who are properly joined and served must join in the removal petition, and that failure to do so renders the petition defective." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988). Furthermore, all served defendants must join in the petition no later than thirty days from the day on which the first defendant was served. *Id*. at 1263.

Defendants argued that the removing plaintiff failed to comply with the proof of service requirements of LSA-R.S. 13:3205. This statute provides:

> No default judgment can be rendered against the defendant and no hearing may be held on a contradictory motion, rule to show cause, or other summary proceeding, except for actions pursuant to R.S. 46:2131 et seq., until thirty days after the filing in the record of the affidavit of the individual who either:
>
> (1) Mailed the process to the defendant, showing that it was enclosed in an envelope properly addressed to the defendant, with sufficient postage affixed, and the date it was deposited in the United States mail, to which shall be attached the return receipt of the defendant; or
>
> (2) Utilized the services of a commercial courier to make delivery of the process to the defendant, showing the name of the commercial courier, the date, and address at which the process was delivered to the defendant, to which shall be attached the commercial courier's confirmation of delivery; or
>
> (3) Actually delivered the process to the defendant, showing the date, place, and manner of delivery.

There is no automatic entitlement to an award of attorney fees

under 28 U.S. C. § 1447(c). The clear language of the statute, which provides that the "order remanding the case may require payment of just costs and any actual expenses including attorney fees, incurred as a result of the removal," makes such an award discretionary. The Supreme Court set forth the standard for awarding fees under § 1447(c) in *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 126 S.Ct. 704 (2005):

> [T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. *See*, *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c).

*Id*., at 711.

The court must consider the propriety of the removing party's actions at the time of removal, based on an objective view of the legal and factual elements in each particular case, irrespective of the fact that it was ultimately determined that removal was improper. *Id*.; *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993); *Avitts v. Amoco Production Co.*, 111 F.3d 30, 32 (5th Cir.), *cert.*

*denied*, 522 U.S. 977, 118 S.Ct. 435 (1997).

## **Analysis**

**1. Improper Joinder**

Plaintiff sought the following damages resulting from his injuries:

- a) Physical pain and suffering - past, present, and future;

- b) Mental pain, anguish, and distress - past, present, and future;

- c) Medical expenses - past, present, and future;

- d) Lost wages - past, present, and future;

- e) Lost earning capacity - past, present, and future;

- f) Loss of enjoyment of life; and

- g) Any and all other damages which shall be proven at trial.[5]

Plaintiff has also produced medical records which show that he suffered from herniated discs in his cervical and lumbar spine and has been undergoing continuous conservative treatment since the date of the accident.[6] Because the plaintiff is still in pain his orthopedic surgeon has recommended two surgeries: a two-level lumbar fusion at L4/L5 and L5/S1, and a three-level cervical fusion

---

[5] Record document number 1, attached Petition for Damages, ¶7.

[6] Record document number 5, exhibits C and D.

7

at C4-C5, C5-C6, and C6-C7.[7]

Plaintiff also relied on an affidavit showing that prior to the accident, he was earning $16.00 per hour with extensive overtime as a casing specialist on an oil drilling platform for TIMCO Services, and had earned $67,524 in 2007 and $46,929 in 2008.[8] Plaintiff argued that it is unlikely he will be able to work in positions which require the physical demands of the job he held before he was injured, and therefore his earning capacity has been substantially diminished. Plaintiff cited *Harvey v. Cole*[9] and *Washington v. Aetna Life Insurance Co.*[10] to support his estimate of general damages exceeding of $1,000,000.

A review of the evidence presented by the parties fails to establish a reasonable basis to predict that the plaintiff will recover more than $1,000,000 and thus have a claim against defendant Progressive.[11] At this point, the plaintiff has not undergone the recommended surgeries. His future medical treatment, recovery, possible disability, and lost earning capacity are too

---

[7] Record document number 5, exhibit C.

[8] Record document number 5, exhibit F.

[9] 2000-1849 (La.App. 4 Cir. 1/23/02), 808 So.2d 771.

[10] 2004-0135 (La.App. 4 Cir. 10/13/04), 886 So.2d 572.

[11] The parties did not address the value of the children's loss of consortium claims. It would not appear that adding some recovery for their claims would cause the total damages to exceed $1,000,000.

speculative to find that they will cause his damages to exceed $1,000,000.  Even if the plaintiff's prognosis was more determinable, the Court's own research shows that the higher end for general damages awarded for two similar surgeries in the state appellate court in which the petition was filed is generally around $250,000.[12]  This research suggests that, based on the presently known facts, at the time of removal the plaintiff's claims did not exceed $1,000,000.

The case cited by the plaintiff from the Louisiana Fourth Circuit Court of Appeal are unpersuasive.  Not only were these cases decided in a different jurisdiction, but additional research shows the damages awarded in these cases seem to be an anomaly.  Also, the plaintiff's injuries and treatment in *Washington* were notably distinguishable from those suffered by the plaintiff in this case.[13]

Based on the evidence, at the time of removal there appears to have been no reasonable possibility of recovery against defendant Progressive.

---

[12] *Bellard v. American Central Ins. Co.*, 2007-1335 (La. 4/18/08), 980 So.2d 654; *Griffin v. Louisiana Sheriff's Auto Risk*, 99 2944 (La. App. 1 Cir. 6/22/01), 802 So.2d 691.

[13] Plaintiff in *Washington* sustained a ruptured disc and bulging disc in his spinal column and injuries to both knees, required four operations for his knee injuries with a likelihood of future knee replacement, and suffered severe depression and relied on pain medication for six to eight years of treatment.

9

### 2. Joinder in the Removal

It is undisputed that at the time of removal, defendants Isaman, Eric Neal, L.L.C., and Nesco, L.L.C. were properly served under the Louisiana Long Arm Statute. Defendant Nationwide argued that it was not required to obtain consent from these co-defendants because affidavits of service under LSA-R.S. 13:3205 were not filed into the record until July 27, 2009, after the Notice of Removal was filed. Nationwide asserted that since there was no proof of service at the time of removal, these co-defendants did not need to be joined in the removal.

Nationwide's argument is unpersuasive. The statute contains a notice of service requirement when a plaintiff is seeking a default judgment. Nationwide has not shown that this statute applies in this situation or that any proof of service on another named defendant is required to enforce the rule of unanimity.[14]

In support of its position, the defendant relied on *Cooper v. Sentry Select Ins. Co.*[15] There the court held that the removing defendant should be able to rely on the state court record when determining whether to seek the other defendant's consent to removal. However, the same district court subsequently addressed this issue in *Dupree v. Torin Jacks, Inc.*, finding that while the

---

[14] *Richoux v. CSR, Ltd.*, 2008 WL 576242 (E.D.La. Feb. 29, 2008).

[15] 2008 WL 4610235 (W.D.La. Oct. 15, 2008).

10

absence of proof of service from the record can be a factor in determining whether consent is required, evidence of lack of service, standing alone, does not automatically equal an exception to the rule of unanimity.[16]  The court held that where the removing defendants relied solely on the absence of proof of service in the state court record and took no other steps to determine whether the other defendant had been served, the circumstances did not warrant equitable relief from the rule of unanimity.[17]

Because ambiguities in the controlling law must be resolved in favor of the plaintiff, doing so means that service of process under LSA-R.S. 13:3205 can be completed before the affidavit is filed, and was completed before the case was removed.

Even if the plaintiff's failure to file affidavits of service under LSA-R.S. 13:3205 should be considered when determining whether exemption from consent to removal is warranted, an exception is not warranted in this case because defendant Nationwide failed to demonstrate that it made any additional effort to confirm whether the co-defendants had been served.

Consequently, defendant Nationwide's removal is procedurally deficient because the co-defendants did not join in Notice of Removal nor timely consent to the removal.

---

[16] 2009 WL 366332, 5 (W.D.La. Feb. 12, 2009)(finding service is completed before filing the affidavit).

[17] *Id.*

**3.   Attorney's fees and costs**

At the time of removal it was not objectively unreasonable for the defendant Nationwide to remove the case.  It appeared then that the plaintiff had no reasonable possibility of succeeding on his claim against defendant Progressive, there was no indication in the state court record that the other defendants had been served, and the affidavit requirement of LSA-R.S. 13:3205 was subject to different federal court interpretations.

<u>**RECOMMENDATION**</u>

It is the recommendation of the magistrate judge that the Plaintiffs' Motion to Remand be granted in part and denied in part.  The motion should be granted insofar as the plaintiffs sought to have the case remanded.  The motion should be denied insofar as the plaintiffs sought an award of attorney's fees and costs.

Baton Rouge, Louisiana, September 16, 2009.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE